### William H. Hauskins v. Nelson D. Pike et al.

1. Decrees—*Of the Chancellor on Conflicting Evidence.*—Where the evidence taken in open court is conflicting, but the chancellor sees and hears the various witnesses, his findings will not be disturbed on appeal, unless they appear to be clearly and palpably against the weight of the evidence.

2. Same—*Effect upon Persons Not Parties.*—The interests of persons

who are not parties to a proceeding in chancery, are not affected by any decree rendered by the court.

**Bill for an Injunction.**—Appeal from the Circuit Court of Madison County; the Hon. Martin W. Schaefer, Judge, presiding.  Heard in this court at the August term, 1901.  Affirmed.  Opinion filed October 21, 1901.

John G. Irwin and E. Breese Glass, attorneys for appellant.

Travous, Warnock & Burroughs, attorneys for appellees; Geo. D. Burroughs, *pro se.*

Mr. Justice Creighton delivered the opinion of the court.

This was a bill in chancery, in the Circuit Court of Madison County, by appellant against appellees, to enjoin appellees from selling certain of appellant's real estate upon execution, pursuant to levy, and to restrain appellees from taking any steps to enforce payment of a certain judgment against appellant and another.  A temporary injunction was granted, which, upon motion, was dissolved; the sale was consummated, and thereafter the bill was amended, setting up the sale and praying for injunction against the execution of a deed, at the expiration of the period of redemption, and that the sale be set aside and the certificate of sale canceled.  Upon final hearing the Circuit Court rendered a decree dismissing appellant's bill.

On January 10, 1891, one Charles Ryder, and his wife, Mary N. Ryder, and appellant, for a valuable and lawful consideration, executed their joint and several promissory note to appellee Pike, for the sum of $800, due two years after date, bearing interest at the rate of five per cent per annum.  In addition to the payment of interest as it accrued, $200 of the principal had been paid, when Charles Ryder died, testate, leaving his widow, Mary N. Ryder, as his principal legatee and devisee.  She was also the executrix of his will, and his estate was solvent.  Appellee Pike presented the note against Ryder's estate and obtained judgment for $630, and thereafter he sued, and obtained judgment, in the Circuit Court of Madison County, against

appellant and Mary N. Ryder, the two surviving makers of
the note, for the sum of $636, the amount then due.   The
law firm of Travous, Warnock & Burroughs were and
had been attorneys for Mary N. Ryder in her individual
matters and also for her as executrix of her husband's estate,
and while said firm sustained this relation to Mrs. Ryder,
appellee Burroughs, a member of that firm, purchased from
appellee Pike, the above mentioned judgments, and caused
execution to issue against both defendants, on the one in the
Circuit Court.   The execution came duly into the hands of
appellee Hotz, who was then sheriff of Madison county, and
was by appellee Stubbs, a deputy sheriff, duly levied on
appellant's real estate.

At this stage appellant filed his bill charging, in substance,
that after the rendition of the judgment in the Circuit
Court, the said M. N. Ryder, she being at that time execu-
trix of the will of said Charles Ryder, deceased, and his prin-
cipal legatee and devisee, and the co-surety of the complainant
for the indebtedness represented by the said judgment, paid
or caused to be paid to the said Nelson D. Pike the full
amount of said judgment, together with the interest thereon
and the costs, whereby, as your orator is advised and verily
believes, the said judgment was extinguished and satisfied
as against him; but the said M. N. Ryder, intending to cheat
and defraud your orator, instead of having the said judg-
ment satisfied upon the record, procured the assignment of
the same to one George D. Burroughs, who was then acting
as her attorney, and as attorney for the estate of the said
Charles Ryder, deceased, who, after the assignment of said
judgment to him, caused execution to be issued and levy to
be made, and threatened sale of appellant's real estate; that
the said George D. Burroughs is not an innocent nor *bona
fide* purchaser of the said judgment, or of the claim thereby
represented; that he did not buy it with his own money,
but, on the contrary, that the money paid to the said Nelson
D. Pike to obtain the assignment of the same was furnished
and supplied to him by the said M. N. Ryder, the co-surety
of the complainant, and the executrix of the will of the said
Charles Ryder, deceased, and that the procuring of an

assignment of the said judgment to the said George D. Burroughs was a fraudulent contrivance and device to enforce payment of the debt represented by said judgment by your orator, unjustly and unlawfully, to the end that the said M. N. Ryder and the estate of the said Charles Ryder may escape payment thereof, to the advantage and benefit of the said M. N. Ryder, and that your orator may be left without recourse to obtain satisfaction, if compelled to pay the same; the purpose and intention of the said M. N. Ryder and George D. Burroughs being, after compelling payment of said judgment and execution by your orator, to defend any claim filed by him against the estate of the said Charles Ryder, deceased, on account of the same, and to defeat it by objecting to the competency of complainant as a witness to prove the same.

The bill then proceeds to allege that Burroughs had full notice before he took the assignment of said judgment that appellent claimed to be a surety, and that M. N. Ryder was also a surety upon the Pike note, and advised the taking of the assignment for the objects and purposes above set forth; that in law and in fact, when the said judgment was paid and satisfied as to Pike, it was paid and satisfied as to appellant, who was released thereby from further liability upon the indebtedness represented thereby, and that the attempt to keep the same alive and to enforce said judgment against appellant, is a fraud upon him, and that he is therefore entitled to the relief prayed.

Neither Mary N. Ryder, the alleged co-surety, nor the estate of the deceased co-maker, Charles Ryder, are parties to this proceeding. In such state of record no decree could have been rendered by the trial court affecting them or their interests. Appellee Pike has no interest in the subject-matter of the suit. Appellees Hotz and Stubbs, sheriff and deputy sheriff, are not charged with any irregularity or wrong on their part and have no independent status in the case, but depend upon that of appellee Burroughs, and his depends wholly upon whether he was in fact, in his own right, a *bona fide* purchaser of the judgments from Pike.

Upon this question the most favorable view of the case that can be entertained for appellant is, that the evidence is conflicting. Where the evidence was taken in open court and the chancellor saw and heard the various witnesses, as in this case, the findings of such chancellor will not be disturbed on appeal, unless they appear to the Appellate Court to be clearly and palpably against the weight of the evidence, and such is not the case here.

It is contended that the court erred in rejecting certain evidence. Appellant offered to prove statements made by Mary N. Ryder concerning the money with which Burroughs bought the judgments. It is not claimed that these statements were made in the hearing of Burroughs, nor that they were in any manner brought home to him. Mary N. Ryder, who is said to have made the statements, is not a party to this suit, nor did she testify as a witness in the case. Under the existing state of case, statements made by her could not be properly received in evidence for any purpose. A statement of appellee Pike and much other evidence was offered by appellant tending to prove that appellant was a surety on the note and that his deceased co-maker was principal, and that both Pike and Burroughs knew this. If we assume that there is sufficient evidence in this record to establish the conspiracy charged in the bill and the *mala fides* of Burroughs to the extent in the bill charged, then the proffered evidence would be material; but as we concur with the trial court in the opposite view of the evidence on these controlling questions, we do not regard the rejection of this evidence as of any grave consequence.

If Pike had not assigned these judgments, and they had remained unpaid, it is conceded that he might lawfully have sued out execution and caused it to be levied on appellant's real estate in all respects as was done in this case. Now Burroughs, as a *bona fide* purchaser of such judgments, succeeded to all the rights of Pike, and he owed appellant no duty that Pike would not have owed him if Pike had retained the ownership and control of the judgments.

Appellant's counsel insists that the purchase of these judgments by Burroughs was champertous and for that rea-

son void.    This position, like a number of others argued, is based upon the assumption that the proof establishes the conspiracy and fraud charged in the bill, or that it establishes " an officious intermeddling in a suit that no way concerns the meddler."    As above stated, we concur in the conclusion of the trial court that the controlling charges in the bill are not proven, and we hold that the purchase of a judgment under the circumstances of this case is not champertous.    We find no error in this record warranting a reversal.

The decree of the Circuit Court is affirmed.